IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD C. KOPAL, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 3:10-CV-1022-K |
| | § |
| STEVENS TRANSPORT, INC., | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Ronald Kopal's ("Kopal") Motion to Remand and Compel Arbitration (Doc. No. 6) and Defendant Stevens Transport, Inc.'s ("Stevens") Motion to Stay and Remand to Plan Administrator (Doc. No. 8). Both Motions are **GRANTED in part** and **DENIED in part**. Plaintiff's negligence claim is **REMANDED** to the 160th Judicial District in Dallas County, Texas, and Plaintiff's Employee Retirement Income Security Act ("ERISA") claim is **DISMISSED without prejudice** and **REMANDED** to the plan administrator for the Stevens' Accident/Injury Plan (the "Plan").

I.    **Factual and Procedural Background**

According to Kopal's Original Petition ("Petition") filed in Texas state court, on or about January 6, 2006, while employed with Stevens, Kopal sustained an injury while in the course and scope of his employment. On March 18, 2008 the state court

- 1 -

effectively stayed and abated the pending action allowing the Parties to arbitrate based on an agreement by the Parties to arbitrate.  April 20, 2010, Kopal filed a demand for arbitration along with a request for arbitration with the American Arbitration Association.  After filing his demand and request for arbitration, Kopal asserted an additional claim for wrongful denial of benefits in violation of ERISA.  Consequently, Stevens removed the action to this Court based on federal question jurisdiction under 28 U.S.C. § 1332.

In its removal papers, Stevens attached the Plan, which provides benefits to Stevens' employees in the event of an on-the-job injury or death.  The Plan is regulated by ERISA and requires a plan participant to follow a specific procedure to assert a claim or appeal a denial of that claim.  Specifically, the Plan requires a plan participant to file a written claim with the plan administrator within sixty days of a denial of a claim.  A plan participant may then appeal the plan administrator's decision by filing a written notice of appeal with the review committee within sixty days after receipt of notice of denial.  The Plan states that no legal action to recover benefits may be brought until the claims review process is completed.

Kopal, as an employee of Stevens, was a participant in the Plan.  Kopal first made a claim for wrongful denial of benefits under the Plan during the arbitration; however, he did not present his claim to the plan administrator or file a written notice of appeal with the review committee as required by the Plan.

Plaintiff Kopal now moves to remand the entire case to state court for arbitration and Defendant Stevens moves to remand the entire lawsuit to the plan administrator.

II.     **Legal Standard and Analysis**

Any lawsuit for benefits under an employee benefit plan governed by ERISA must be preceded by an exhaustion of administrative remedies. *Swanson v. Hearst Corp. Long Term Disability Plan*, 586 F.3d 1016, 1018 (5th Cir. 2009) (citing *Bourgeois v. Pension Plan for the Emps. of Santa Fe Int'l Corps.*, 215 F.3d. 475, 479 (5th Cir. 2000)). The court may dismiss plaintiff's claims for failing to exhaust administrative remedies pursuant to an ERISA plan and remand the claims to the plan administrator. *See Boldry v. Pam Tex. Injury Plan*, Civ. No. 3:08-CV-0511-L, 2009 WL 1287740 at *3 (N.D. Tex. May 11, 2009).

In the present case, Kopal has failed to exhaust the administrative process for his ERISA claim. Therefore, Kopal's ERISA claim must be dismissed without prejudice and remanded to the plan administrator where Kopal must exhaust all administrative remedies before seeking legal intervention. *Swanson*, 586 F.3d at 1018; *Boldry*, 2009 WL 1287740 at *3.

However, Kopal's ERISA claim and negligence claim are not so intertwined that all claims should be remanded to the plan administrator. A cause of action for wrongfully denying ERISA benefits under the Plan does not require a finding of negligence, because a Stevens' employee may be entitled to benefits under the Plan

regardless of negligence as long as the injury is covered under the terms of the Plan, which simply requires the injury to be job-related. Def.'s Notice of Removal Ex. C. Thus, Kopal's ERISA claim is properly dismissed without prejudice and remanded to the plan administrator, while his negligence claim is properly remanded to the 160th District Court in Dallas County, Texas to proceed to arbitration, because no federal question jurisdiction exists without the ERISA claim and the Parties agreed to arbitrate the claim.

III. Conclusion

Plaintiff's Motion to Remand and Compel Arbitration and Defendant's Motion to Stay and Remand to Plan Administrator are **GRANTED in part** and **DENIED in part.** Plaintiff's ERISA claim is **DISMISSED without prejudice** and **REMANDED** to the plan administrator of the Plan and Plaintiff's negligence claim is **REMANDED** to the 160th Judicial District in Dallas County, Texas to proceed to arbitration.

**SO ORDERED.**

Signed August 16th, 2010.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE